```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RICKY L. HAMILTON,**

                               **Petitioner,**

          v.                              **CASE NO. 08-3082-RDR**

**UNITED STATES OF AMERICA, et al.,**

                               **Respondents.**

## O R D E R

Petitioner proceeds pro se seeking a writ of habeas corpus under 28 U.S.C. § 2241 filed while he was incarcerated in the Federal Prison Camp in Leavenworth, Kansas, seeking relief on a claim that the sentencing court unlawfully ordered restitution without first considering petitioner's financial resources, financial needs, outstanding debts, earning capacity, and overall ability to pay.[1]  By an order dated April 17, 2008, the court directed petitioner to show cause why the petition should not be dismissed because this court had no jurisdiction under 28 U.S.C. § 2241 to review petitioner's challenge to the sentencing court's order.

Petitioner filed no response.  Instead, petitioner filed a motion for leave to supplement or amend his petition to additionally claim that the institutional requirement that he make payments toward his outstanding restitution and/or fine denies him due

---

[1] Petitioner states he was convicted in the U.S. District Court for the Western District of Missouri on his plea to mortgage fraud, and was sentenced in part to pay $147,000 in restitution.

process.

To the extent petitioner's second claim challenges the execution of his federal sentence, this court has jurisdiction under 28 U.S.C. § 2241 to consider such a claim.[2]  *See e.g.* Davis v. Wiley, 260 Fed.Appx. 66, n.2 (10th Cir. 2008)(federal prisoner contesting BOP's authority to establish and enforce payments of court ordered restitution properly raised his claim under 28 U.S.C. § 2241).  The court grants petitioner leave to amend the petition to assert this additional claim, but finds this second claim should be summarily dismissed.

Petitioner contends he is forced to make payments towards his outstanding restitution and/or fines, which operates to deny him privileges such as preferred housing, lower custody level, furloughs, and telephone privileges without an opportunity to first be heard.  This claim entitles petitioner to no relief under 28 U.S.C. § 2241.

Because the deprivations cited by petitioner present no "atypical or significant hardship" from the normal incidents to be expected during his confinement, no liberty or property interest protected by the Due Process Clause is implicated.  *See* Sandin v. Conner, 515 U.S. 472 (1995); Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999).  Thus petitioner's contention of constitutional error in not receiving a pre-deprivation hearing regarding the

---

[2]To the extent petitioner may be alleging constitutional error in the conditions of his confinement, habeas corpus is not the appropriate remedy.  *See* McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Relief from alleged error in the conditions of a federal prisoner's confinement must be pursued in a civil rights action, *see* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), after first exhausting administrative remedies.

forced payments presents no viable claim of being denied procedural due process. *See* Camuglia v. City of Albuquerque, 448 F.3d 1214, 1219 (10th Cir. 2006)(first inquiry in determining a procedural due process claim is whether the individual possessed a protected liberty or property interest protected by the Due Process Clause). *Compare*, Ellibee v. Simmons, 201 F. App'x 612, 615 (10th Cir. 2006)(denying claim alleging that mandatory wage deductions for the crime victims compensation fund was a violation of procedural due process because deduction occurred regardless of whether the inmate's sentence included an order of restitution).

Nor does petitioner allege any deprivation of basic life essentials that "'shocks the conscience'" and "violates the 'decencies of civilized conduct'" for the purpose of stating a substantive due process claim. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)(*citing* Rochin v. California, 342 U.S. 165 (1952)).

Although petitioner's pro se pleading must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), a federal district court can summarily dismiss a petition when it plainly appears from the face of the petition that the petitioner is entitled to no relief. Lonchar v. Thomas, 517 U.S. 314, 320 (1996); 28 U.S.C. § 2243.  For the reasons stated herein and in the show cause order entered on April 17, 2008, the court concludes the petition should be dismissed because this court has no jurisdiction under 28 U.S.C. § 2241 to consider petitioner's first claim, and petitioner is entitled to no relief under § 2241 on his second claim.

IT IS THEREFORE ORDERED that petitioner's motion to amend the

petition to add a second claim (Doc. 6) is granted.

IT IS FURTHER ORDERED that the first claim in the amended petition is dismissed without prejudice, and that the second claim is dismissed because petitioner is entitled to no relief under 28 U.S.C. § 2241.

DATED:  This 28th day of January 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge